IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERAMY GREEN, #M29641, | ) |
| | ) |
|                     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 14-cv-00741-MJR |
| | ) |
| UNKNOWN PARTIES | ) |
| and A. WALKER, | ) |
| | ) |
|                   Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

      Plaintiff Jeramy Green, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff claims that he was assaulted by several members of the "orange crush tactical team" at Menard (Doc. 1, p. 6). He now sues the correctional officers (Defendants John Doe #1, John Doe #2, and Jane Doe) for using excessive force against him, in violation of the Eighth Amendment. He also sues one of Menard's nurses (Defendant Walker) for failing to provide him with medical treatment until thirty-eight days after the assault, also in violation of the Eighth Amendment. Plaintiff seeks monetary damages (Doc. 1, p. 7).

      This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

According to the complaint, Plaintiff was assaulted by several unknown members of Menard's "orange crush tactical team" (Doc. 1, p. 6).  Plaintiff identifies the correctional officers as Defendants John Doe #1, John Doe #2, and Jane Doe.  Each Defendant allegedly "used excessive force against Plaintiff, striking Plaintiff in the head and ribs, violating the Eighth Amendment[, even though] Plaintiff violated no rules" (Doc. 1, p. 6).

A grievance attached to the complaint is dated April 25, 2014, and indicates that the incident occurred on April 15, 2014 (Doc. 1, p. 8).  The grievance also states that Plaintiff

was struck in the stomach and ribs "numerous times" by the tactical team.  He was also struck in the head "multiple times."  As a result, he "spit blood" and suffered from severe headaches (Doc. 1, p. 8).  Plaintiff placed "several sick calls in the unit sick call box" without receiving treatment (Doc. 1, p. 8).  The complaint further alleges that Menard's nurse, Defendant Walker, was deliberately indifferent to Plaintiff's medical needs following the assault for "[r]efus[ing] to give medical treatment for 38 days" (Doc. 1, p. 6).

Plaintiff now sues Defendants John Doe #1, John Doe #2, and Jane Doe for using excessive force against him, in violation of the Eighth Amendment.  He sues Defendant Walker for failing to provide him with medical treatment following the assault, also in violation of the Eighth Amendment.  Plaintiff seeks monetary damages from Defendants (Doc. 1, p. 7).

**Discussion**

After carefully reviewing the complaint, the Court finds that it states a cognizable Eighth Amendment excessive force claim (**Count 1**) against Defendants John Doe #1, John Doe #2, and Jane Doe.  The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983.  *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).  To state an excessive force claim, an inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).  The allegations in the complaint, combined with statements in Plaintiff's grievance, suggest that Defendants acted maliciously and sadistically when they struck Plaintiff in the ribs and head "multiple times" without provocation on or around April 15, 2014.  Accordingly, Plaintiff shall be allowed to

proceed with **Count 1** against Defendants John Doe #1, John Doe #2, and Jane Doe. Plaintiff has not raised this claim against Defendant Walker.

However, the complaint fails to state a cognizable Eighth Amendment deliberate indifference to serious medical needs claim (**Count 2**) against Defendant Walker. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, "[t]he plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard." *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

As for the objective prong, the statement of claim mentions no medical condition at all. While the grievance indicates that Plaintiff "spit blood" and "suffer[ed] from severe headaches," no information is offered about the genesis, frequency, or duration of these conditions (Doc. 1, pp. 6, 8). Without this basic information, the Court cannot assess the objective seriousness of Plaintiff's injuries.

As for the subjective prong, Plaintiff "must demonstrate that prison officials acted with a "'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Officials must "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Plaintiff is not required to establish that the officials "intended or desired the harm that

transpired," but to instead show that they "knew of a substantial risk of harm . . . and disregarded it." *Greeno*, 414 F.3d at 653.

Here, again, the complaint is fatally flawed because it does not suggest that Defendant Walker was deliberately indifferent to Plaintiff's medical needs. The complaint and exhibits do not allege that Plaintiff directed a single request for medical care to Defendant Walker. They do not allege that Plaintiff submitted a verbal request for medical care following the assault. By all indications, Defendant Walker had no clue that Plaintiff requested or needed medical care. Without more, **Count 2** fails and shall be dismissed against Defendant Walker. Plaintiff did not assert this claim against anyone else.

**<u>Identification of Unknown Defendants</u>**

Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). "Depending on the particular circumstances of the case, the court may assist the plaintiff by providing counsel for the limited purpose of amending the complaint; by ordering the named defendants to disclose the identities of unnamed officials involved; by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible; by dismissing the complaint without prejudice and providing a list of defects in the complaint; by ordering service on all officers who were on duty during the incident in question; or by some other means." *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Menard's warden shall be named for the sole purpose of identifying the unknown Defendants through discovery; once

Plaintiff identifies these Defendants by name in a properly filed amended complaint, Menard's warden shall be dismissed from the action.

**Pending Motions**

Plaintiff filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which shall be decided in a separate Order of this Court.

Plaintiff also filed a motion for recruitment of counsel (Doc. 3), which shall be **REFERRED** to Magistrate Judge Stephen C. Williams for a decision.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. Defendant **A. WALKER** is **DISMISSED** without prejudice.

The **CLERK** is **DIRECTED** to add **MENARD'S WARDEN** as a Defendant in this action, for the sole purpose of identifying the unknown Defendants (i.e., John Doe #1, John Doe #2, and Jane Doe). Once Plaintiff identifies said Defendants by name in a properly filed amended complaint, Menard's warden shall be dismissed.

**IT IS ORDERED** that with regard to **COUNT 1**, service shall not be made on Defendants John Doe #1, John Doe #2, or Jane Doe until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that with regard to **COUNT 1**, the Clerk of Court shall prepare for Defendant **MENARD'S WARDEN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum

and Order to Menard Correctional Center. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 3) and expedited discovery aimed at identifying the unknown defendants.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 28, 2014**

s/ MICHAEL J. REAGAN
United States District Judge